1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN K. GRUHLKE,

                          Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                          Defendant.

Case No. 3:12-cv-05743-RBL-KLS

REPORT AND RECOMMENDATION

Noted for November 15, 2013

        Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance benefits.  This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing

the parties' briefs and the remaining record, the undersigned submits the following Report and

Recommendation for the Court's review, recommending that for the reasons set forth below

defendant's decision to deny benefits be reversed and this matter be remanded for further

administrative proceedings.

                        FACTUAL AND PROCEDURAL HISTORY

        On April 15, 2009, plaintiff filed an application for disability insurance benefits, alleging

disability as of January 7, 2009, due to fibromyalgia, chronic migraine, depression, panic attacks,

and interstitial cystitis. See ECF #8, Administrative Record ("AR") 18, 163.  That application

was denied upon initial administrative review on June 23, 2009, and on reconsideration on

REPORT AND RECOMMENDATION - 1

November 24, 2009. <u>See</u> AR 18.  A hearing was held before an administrative law judge ("ALJ") on February 18, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a medical expert and a vocational expert. <u>See</u> AR 34-61.

In a decision dated March 4, 2011, the ALJ determined plaintiff to be not disabled. <u>See</u> AR 18-29.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 21, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). <u>See</u> AR 1; 20 C.F.R. § 404.981.  On August 22, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. <u>See</u> ECF #1.  The administrative record was filed with the Court on January 7, 2013. <u>See</u> ECF #8.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in assessing her residual functional capacity; and (4) in finding her to be capable of performing other jobs existing in significant numbers in the national economy, both because that finding was based on an incomplete residual functional capacity assessment and because the issue of whether plaintiff had skills that were transferrable to those jobs was not properly evaluated by the ALJ.  For the reasons set forth below, the undersigned agrees the ALJ erred in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy by failing to properly evaluate the issue of plaintiff's transferrable skills, and thus in determining plaintiff to be not disabled.  Thus, on this basis the undersigned recommends that defendant's decision to deny benefits be reversed, and that this matter be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

1

<u>DISCUSSION</u>

2        The determination of the Commissioner that a claimant is not disabled must be upheld by

3  the Court, if the "proper legal standards" have been applied by the Commissioner, and the

4  "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>,

5  785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Commissioner of Social Security</u>

6  <u>Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D.

7  Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the

8  proper legal standards were not applied in weighing the evidence and making the decision.")

9  (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

10        Substantial evidence is "such relevant evidence as a reasonable mind might accept as

11  adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

12  omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

13  supported by inferences reasonably drawn from the record.").  "The substantial evidence test

14  requires that the reviewing court determine" whether the Commissioner's decision is "supported

15  by more than a scintilla of evidence, although less than a preponderance of the evidence is

16  required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

17  admits of more than one rational interpretation," the Commissioner's decision must be upheld.

18  <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

19  sufficient to support either outcome, we must affirm the decision actually made.") (quoting

20  <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

21

22

23

24

25

26

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them.  It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
> not try the case de novo, neither may it abdicate its traditional function of review.  It must

REPORT AND RECOMMENDATION - 3

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids").  Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In this case the ALJ found in relevant part as follows:

> The vocational expert [("VE")] testified that the claimant's past relevant work as a **Pharmacy Assistant**, which was semi-skilled with a specific vocational preparation (SVP) code of 3 and required the following skills: use of an adding machine.
>
> . . .
>
> The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which require skills acquired in the claimant's past relevant work but no additional skills.  The vocational expert responded and testified that representative

scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

occupations such an individual could perform include:

**Medical Voucher Clerk**[2]: [D.O.T. 214.482-018, sedentary, SVP 3, semiskilled]

**Doctor's Receptionist**[3]: [D.O.T. 237.367-038, sedentary, SVP 4, semiskilled]

Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

Accordingly, although the claimant's additional limitations do not allow the claimant to perform the full range of light work, considering the claimant's age, education and transferrable work skills, a finding of "not disabled" is appropriate under the framework of Medical-Vocational Rule 202.15 and Rule 202.07.

AR 27-28 (emphasis in original).

In asserting error here, plaintiff states that "neither the vocational expert nor the ALJ identified any transferable skills that [she] had from her past relevant work that would transfer to the jobs of medical voucher clerk and doctor's receptionist." ECF #12, p. 18.  Defendant is correct that, as noted above, the ALJ did find plaintiff had transferrable skills consisting of the use of an adding machine. See AR 27.  But as argued by plaintiff, the current record does not fully support a finding that she acquired the ability to use an adding machine that necessarily constitutes a skill that can be transferred to the above two jobs.  The transcript from the hearing contains the following exchange between the ALJ and the vocational expert:

> [ALJ]  . . . Are the skills from [plaintiff's pharmacy assistant] job transferrable to any jobs within the reach of my hypothetical [question[4]]?

---

[2] In a footnote the ALJ stated: "The vocational expert testified this occupation requires the use of an adding machine, which is a transferrable skill from [plaintiff's] previous job as a Pharmacy Assistant." AR 28 n.3.

[3] In another footnote the ALJ further stated: "The vocational expert testified that based on the claimant's behavior in the courtroom and demonstrated ability to answer questions combined with her transferrable skills indicates she has the necessary skills to perform this occupation." AR 28 n.4.

[4] That hypothetical question reads in relevant part:

> . . . Now assume a lady in an age from 50 to . . . 55 with a GED education, and the past relevant work in the last 15 years that the claimant . . . has had.  Assume this lady can walk at one time about two blocks.  That she can stand at one time for 30 minutes.  She can sit for an

REPORT AND RECOMMENDATION - 5

[VE]  Yes, Your Honor.
[ALJ]  Could you be specific?
[VE]  Yes, Your Honor.  In terms of transferrable skills, I'm sorry, just a moment please.  There is a medical voucher clerk in the insurance industry that is a sedentary occupation with a skill level of three, semiskilled. . . . That does require the use of an adding machine.
[ALJ]  Uh-huh.
[VE]  So there are transferrable skills there, *if she could do adding machine frequently, which it sounds like that would be questionable*.
[ALJ]  Uh-huh.
[VE]  There is a doctor's receptionist, which is . . . a sedentary occupation at a skill level of four.  That someone with those limitations could do.

AR 57-58 (emphasis added).  Accordingly, contrary to the ALJ's findings, the vocational expert did not testify that plaintiff had the transferrable skills needed to perform the jobs identified, but rather indicated that the transferability thereof was in question given the need to be able to make frequent use of the adding machine.  It is not at all clear, therefore, that plaintiff has the ability to perform either of the two identified jobs based on the testimony of the vocational expert, making the ALJ's reliance thereon to so find improper.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is

---

hour.  She can lift occasionally not more than 20 pounds, and not repetitively but with some frequency, not more than ten pounds.  She is right-handed.  She has had carpal tunnel surgery on both hands in the past.  She has some pain and continued use of the hands.  Other than that, use of the hands is normal.  Pushing and pulling would be limited to where the -- horizontal -- component wouldn't be more than 20 pounds, and that not more than five minutes at any one time.  She could climb half-a-dozen stair steps using a hand rail.  Eyesight is functional.  Hearing is functional.  She has a moderate impairment in short-term memory and in the ability to maintain concentration.  She has depression, which imports a certain amount of fatigue.  Let's assume she has the energy of no more than 90 percent of a lady her age in good health . . .

AR 56-57.

REPORT AND RECOMMENDATION - 6

unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain with respect to the transferability of plaintiff's skills, and therefore her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

REPORT AND RECOMMENDATION - 7

1    is directed set this matter for consideration on **November 15, 2013**, as noted in the caption.

2          DATED this 30th day of October, 2013.

3

4

5

6                                              Karen L. Strombom
                                              United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 8